## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR13-2023 |
| vs. | ORDER FOR PRETRIAL DETENTION |
| PATRELLE JOSE GREEN-BOWMAN, | |
| Defendant. | |

On the 22nd day of October, 2013, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Dan Chatham. The Defendant appeared personally and was represented by his attorney, Max S. Wolson.

### I. RELEVANT FACTS AND PROCEEDINGS

On October 9, 2013, Defendant Patrelle Jose Green-Bowman was charged by Superseding Indictment (docket number 6) with possession of a firearm by a felon (Count 1) and possession of a short-barrel shotgun (Count 2). At the arraignment on October 17, 2013, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on December 16, 2013.

At the hearing, Waterloo Police Officer Thomas Frein testified regarding the circumstances underlying the instant charges. According to Frein, officers on foot patrol responded to the scene of a car with its hood up. Defendant, who was known to Frein, was seen in the back seat of the vehicle on the passenger's side. As officers approached, Defendant got out of the vehicle and walked away.

As officers approached the vehicle, they saw a shotgun wrapped in a heavy Cubs coat near the middle of the back seat. Defendant was wearing a Cubs stocking cap that day. Officers later found a photograph on Facebook of Defendant wearing the same style coat and stocking cap. When Defendant was interviewed at the police station, he denied ever being in the vehicle.

The shotgun was operable, but not in "pristine condition," with rust and electrical tape on the grip. No fingerprints were found on the weapon. The barrel of the shotgun was measured and it was determined that registration of the short-barrel shotgun was required.

Defendant is 21 years old. He was born in Chicago, but moved to Waterloo with his family approximately 12 years ago. Defendant's parents and three minor siblings reside in Waterloo. Defendant lived at that residence prior to his arrest and would return there if released.

Defendant has never been married, but has two children (ages 1 and 2) from a prior relationship. He also noted that his girlfriend is pregnant. Defendant is in good health and denied suffering from any mental illness. Defendant was last employed in March 2013, when he worked at McDonald's for about a month. He told the pretrial services officer that he quit because too much of his paycheck was withheld for child support.

Defendant admitted using marijuana twice per week as a juvenile, but told the pretrial services officer that he had only used it once as an adult, in about March 2013. Records reflect, however, that Defendant submitted a urine specimen in July 2013 which tested positive for THC. Defendant subsequently admitted to his state probation officer that he had used marijuana on July 19, 2013.

Defendant's criminal record begins on February 26, 2011 when, at age 18, Defendant was charged with harassment of a public officer/employee. While that charge was pending, Defendant was charged with disorderly conduct — fighting or a violent

behavior. Two weeks later, Defendant was charged with theft in the 5th degree. Defendant failed to appear for arraignment on the harassment and theft-5th degree charges, and warrants were issued for his arrest. Defendant eventually paid fines in all three cases.

On August 28, 2011, Defendant was charged with carrying weapons. While the carrying weapons charge was pending, Defendant was arrested in separate incidents for theft in the 5th degree, another theft in the 5th degree, public intoxication, unauthorized use of a credit card, and theft in the 4th degree. On May 25, 2012, Defendant received suspended prison terms for carrying weapons, unauthorized use of a credit card, and theft, 4th degree.

On May 29, 2012, four days after being sentenced on the charges set forth above, Defendant was charged in two cases with theft in the 3rd degree. A violation of probation was filed on June 13, with Defendant being released on bond. While released on bond, Defendant was charged and later convicted of six counts of forgery and theft in the 2nd degree. On October 12, 2012, Defendant's probation was revoked on the carrying weapons and unauthorized use of a credit card charges, and he was sent to prison on two counts of theft in the 3rd degree, one count of theft in the 2nd degree, and six counts of forgery.

On March 8, 2013, Defendant's sentences were reconsidered (so-called "shock sentencing") and his probation was reinstated. Defendant was on probation for carrying weapons, unauthorized use of a credit card, two counts of theft in the 3rd degree, one count of theft in the 2nd degree, and six counts of forgery at the time of these events on August 2, 2013. A violation of probation was filed in state court on August 5, 2013, and a no-bond hold currently exists in state court.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the

United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

## A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f).

4

A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with possession of a firearm by a felon and possession of a short-barrel shotgun. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

Regarding the second step, the Court must consider the nature and circumstances of the offense charged. Defendant, who was on probation for multiple felony offenses, was allegedly in possession of a short-barrel shotgun. Officers will testify that they saw Defendant sitting in the back seat near where the shotgun was found. (When interviewed at the police station, Defendant denied ever being in the vehicle.) The shotgun was

5

wrapped in a Cubs coat which resembles a coat being worn by Defendant in a photograph found on Facebook. The Court will leave it to the jury to weigh the evidence.

Defendant has ties to the Waterloo community and can apparently return to his parents' home if released. Defendant is unemployed, however, and has apparently never maintained steady employment. Defendant admits using marijuana on at least one occasion after being released from prison and while still on probation. Defendant was on probation for multiple felonies at the time of these events. In fact, nearly all of Defendant's crimes have been committed while on pretrial release or probation. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1.      The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.      The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3.      On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

6

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.    The time from the Government's oral motion to detain (October 17, 2013) to the filing of this Ruling (October 22, 2013) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act.  18 U.S.C. § 3161(h)(1)(D).

DATED this 22nd day of October, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA